FILED

10 NOV 19 PM 12: 14

DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

February 2009 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. __10CR4643__ BEN |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 371-Conspiracy; Title 18, U.S.C., Sec. 1341 - Mail Fraud; Title 18, U.S.C., Sec. 666 - Theft Concerning Programs Receiving Federal Funds; Title 18, U.S.C., Sec. 981(a)(1)(C), and Title 28, U.S.C., Sec. 2461(c) - Criminal Forfeiture |
| MICHAEL P. KLENTSCHY (1), OLGA AMARAL (2), LESLIE GARRISON (3), | |
| Defendants. | |

The grand jury charges:

**INTRODUCTORY ALLEGATIONS**

At all times relevant to this Indictment unless otherwise indicated below:

**The Defendants**

1.    From 1994 until August 2007, Defendant MICHAEL P. KLENTSCHY was the Superintendent of the El Centro Elementary School District ("ECESD").

//

//

//

LAC:lml:Imperial
11/19/10

2.    Defendants OLGA AMARAL and LESLIE GARRISON were professors at San Diego State University's Imperial Valley Campus (SDSU-IVC) and employees of the SDSU Research Foundation, an auxiliary organization of San Diego State University (SDSU) that administers grant monies.

3.    Defendants MICHAEL P. KLENTSCHY, OLGA AMARAL and LESLIE GARRISON each had responsibility over, and involvement in, the use and administration of federal and state grant money.

**The NSF Grant Funds**

4.    The National Science Foundation ("NSF") was a federal government agency responsible for promoting science and engineering through research programs and education.  The NSF awarded grant money to specific research projects.

5.    In August 2001, the NSF awarded $5.67 million to the ECESD for the Valle Imperial Mathematics K-8 Local Systemic Change Project ("VIM") to provide professional development to teachers.

6.    Defendant MICHAEL P. KLENTSCHY was the Principal Investigator ("PI") on the VIM grant and defendant LESLIE GARRISON was the co-PI on the VIM grant.  As PIs, defendants KLENTSCHY and LESLIE GARRISON had responsibility for the scientific and technical direction of the activity funded by the grant, and had fiduciary responsibility over the grant money.

7.    Between 2001 and 2007, defendant MICHAEL P. KLENTSCHY authorized the transfer of VIM grant funds to SDSU as a sub-award for training teachers.  Defendant LESLIE GARRISON was the PI on the VIM sub-award, had responsibility for the scientific and technical direction of the activity funded by the sub-award, and had fiduciary responsibility over the sub-award money.

//

2

**The DOE Grant Funds**

8.    The U.S. Department of Education (DOE) was a federal government agency that provided grant money to the California Department of Education ("CDE") for educational purposes. In or about July 2004, the CDE, using federal DOE grant money, awarded $2.78 million to ECESD for a teacher training project called the California Math Science Partnership (CaMSP).

9.    Defendant MICHAEL P. KLENTSCHY was the PI on the CaMSP grant. As such, he had responsibility for the scientific and technical direction of the activity funded by the grant, and had fiduciary responsibility over the grant money.

10.   Between 2004 and 2007, defendant MICHAEL P. KLENTSCHY authorized the transfer of CaMSP grant funds to SDSU, as a sub-award, for training teachers. Defendant OLGA AMARAL was the PI on the sub-award and had responsibility for the scientific and technical direction of the activity funded by the sub-award, and had a fiduciary responsibility over the sub-award money.

11.   G & A Associates was a partnership entity controlled by defendant OLGA AMARAL and her husband.

12.   Defendant MICHAEL P. KLENTSCHY arranged with defendant OLGA AMARAL to hire G & A Associates for an "external evaluation" on the CaMSP grant.

13.   Defendant MICHAEL P. KLENTSCHY approved, and caused to be made, payments totaling $395,000 to G & A Associates for the "external evaluation." Of the $395,000 received by G & A Associates, $90,000 was paid to defendant MICHAEL P. KLENTSCHY and $152,750 was paid to defendant LESLIE GARRISON.

//

3

## Count 1

### 18 U.S.C. § 371

### Conspiracy

14.   Paragraphs 1 through 13 of the Introductory Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

15.   Beginning on a date unknown to the grand jury, and continuing through on or about February 2008, within the Southern District of California, and elsewhere, defendants MICHAEL P. KLENTSCHY, OLGA AMARAL, and LESLIE GARRISON did knowingly and intentionally conspire with each other and with others known and unknown to the Grand Jury to commit at least one of the following offenses against the United States: mail fraud, in violation of Title 18, United States Code, Section 1341; and theft from a program receiving federal funds, in violation of Title 18, United States Code, Section 666.

16.   It was a purpose and object of this conspiracy, knowingly and intentionally, for defendants to enrich themselves by unlawfully diverting grant money to their own use and benefit.

### Manner and Means of the Conspiracy

17.   In furtherance of the conspiracy, and to effect the object thereof, the following manner and means, among others, were used:

a.   Defendants MICHAEL P. KLENTSCHY, OLGA AMARAL and LESLIE GARRISON devised and implemented various plans to enrich themselves by unlawfully diverting grant money to their own use and benefit.

//

//

//

b.   Between 2001 and 2007, Defendant MICHAEL P. KLENTSCHY authorized the transfer of more than $1.2 million in VIM grant funds to SDSU, as a sub-award, for training teachers.

c.   Defendant LESLIE GARRISON collected a salary as the Principal Investigator on the VIM grant.

d.   Defendant LESLIE GARRISON approved, and falsely certified to, the validity and programmatic necessity of, payments from the VIM sub-award to defendant MICHAEL P. KLENTSCHY as the "Assistant Research Director" when, in fact, both defendant LESLIE GARRISON and defendant MICHAEL P. KLENTSCHY knew that defendant MICHAEL P. KLENTSCHY would not and did not perform the duties of that job and was not entitled to that money.

e.   Defendant MICHAEL P. KLENTSCHY recommended that ECESD approve the sub-award on VIM to SDSU without disclosing that he would be compensated by SDSU as an "Assistant Research Director" from that money.

f.   Defendants MICHAEL P. KLENTSCHY and LESLIE GARRISON submitted reports to the NSF that omitted the fact that defendant MICHAEL P. KLENTSCHY was the person receiving VIM grant money for allegedly performing the duties of  Assistant Research Director.

g.   Between 2004 and 2007, defendant MICHAEL P. KLENTSCHY authorized the transfer of approximately $326,000 in CaMSP grant funds to SDSU, as a sub-award, for training teachers.

h.   Between 2004 and 2007, defendant MICHAEL P. KLENTSCHY authorized the payment of $395,000 in CaMSP grant money to G & A Associates, a partnership controlled by defendant OLGA AMARAL and her husband, in return for preparing an allegedly independent, external evaluation of the grant project.

5

i.   Defendant OLGA AMARAL was paid as a Senior Evaluator of the CaMSP grant project, even though she was the PI on the project and not an independent and disinterested party.

j.   Defendant OLGA AMARAL failed to disclose to SDSU that she and her husband controlled G & A Associates.

k.   Defendant OLGA AMARAL submitted invoices from G & A Associates to the ECESD for CaMSP grant money totaling $90,000 for a "Research Assistant" without disclosing that this money was being paid to defendant MICHAEL P. KLENTSCHY.

l.   Defendant OLGA AMARAL approved, and falsely certified to, the validity and programmatic necessity of, payments from the CaMSP grant to defendant MICHAEL P. KLENTSCHY as the "Research Assistant" when, in fact, both defendant OLGA AMARAL and defendant MICHAEL P. KLENTSCHY knew that defendant MICHAEL P. KLENTSCHY would not and did not perform the duties of that job and was not entitled to that money.

m.   Defendant MICHAEL P. KLENTSCHY failed to disclose to ECESD that he was receiving grant money through G & A Associates while serving as the PI for the CaMSP project.

n.   Defendant OLGA AMARAL submitted invoices from G & A Associates to ECESD for grant money totaling $152,750 payable to defendant LESLIE GARRISON allegedly in return for her work as a "Senior Researcher" for G & A Associates while defendant LESLIE GARRISON was being paid for administering research grants for SDSU and LESLIE GARRISON was, therefore, not permitted to receive the ECESD grant money.

o.   Defendant LESLIE GARRISON failed to disclose to SDSU that she was receiving CaMSP grant money through G & A Associates.

1          p.    Defendant MICHAEL P. KLENTSCHY authorized the transfer

2     of CaMSP funds for a researcher position at SDSU in mid-2007.   A few

3     months later, in August 2007, defendant OLGA AMARAL hired defendant

4     MICHAEL  P.  KLENTSCHY  as  a  researcher,  thus  allowing  him  to  begin

5     receiving  salary  payments  from  the  grant  money  he  had  previously

6     authorized to SDSU.

7          q.    By engaging in this plan to unlawfully divert grant

8     funds to themselves, defendants LESLIE GARRISON and OLGA AMARAL sought

9     to and did evade the limitation placed on their respective earnings

10    by  virtue  of  the  SDSU  overload  policy.    That  policy  limited  the

11    earnings that SDSU employees such as Defendants LESLIE GARRISON and

12    OLGA AMARAL could obtain for additional work performed for SDSU.

13                              **Overt Acts**

14       18.   In furtherance of this conspiracy and to effect the objects

15    thereof,  the  defendants  and  their  co-conspirators  committed  the

16    following overt acts, among others:

17               a.    On August 19, 2002, defendant LESLIE GARRISON signed

18                     a Temporary Employee Appointment form naming defendant

19                     MICHAEL  P.  KLENTSCHY  as  the  "Assistant  Research

20                     Director" for the VIM grant.

21               b.    On August 19, 2002 defendant LESLIE GARRISON signed a

22                     Temporary Employee Appointment form naming herself as

23                     the Principal Investigator on the VIM grant.

24               c.    On or about November 20, 2006 defendant MICHAEL P.

25                     KLENTSCHY caused $552.09 to be transferred by direct

26                     deposit into his bank account as payment for being the

27                     "Assistant Research Director" for the VIM grant.

28    //

                                    7

d.    On or about December 6, 2006 defendant MICHAEL P. KLENTSCHY caused $552.10 to be transferred by direct deposit into his bank account as payment for being the "Assistant Research Director" for the VIM grant.

e.    On June 14, 2004 defendant MICHAEL P. KLENTSCHY signed a proposed CaMSP budget funding request listing a subcontract for G & A Associates that identified certain paid positions, including one for an unidentified "Research Assistant" and one for an unidentified "Senior Researcher."

f.    On July 15, 2004 defendant OLGA AMARAL submitted and caused to be submitted an invoice from G & A Associates to ECESD for $57,500.

g.    On July 15, 2004 defendant MICHAEL P. KLENTSCHY signed an ECESD Confirming Purchase document approving the payment of $57,500 of CaMSP grant funds to G & A Associates.

h.    On or about July 22, 2004, defendant MICHAEL P. KLENTSCHY caused the mailing of a check from ECESD for $57,500 to G & A Associates.

i.    On August 11, 2004, after depositing the $57,500 check in the G & A Associates' Account on August 9, 2004, defendant OLGA AMARAL wrote checks to defendant MICHAEL P. KLENTSCHY for $15,000 and to defendant LESLIE GARRISON for $21,500.

j.    On January 7, 2006 defendant OLGA AMARAL submitted and caused to be submitted an invoice from G & A Associates to ECESD for $57,500.

8

k.  On January 10, 2006, defendant MICHAEL P. KLENTSCHY signed an ECESD Confirming Purchase document approving the payment of $57,500 of CaMSP grant funds to G & A Associates.

l.  On or about January 19, 2006 defendant MICHAEL P. KLENTSCHY caused the mailing of a check from ECESD for $57,500 to G & A Associates.

m.  On February 1, 2006, after depositing the $57,500 check in the G & A Account on January 30, 2006, defendant OLGA AMARAL wrote checks to defendant MICHAEL P. KLENTSCHY for $15,000 and to defendant LESLIE GARRISON for $21,250.

n.  On July 14, 2006, defendant OLGA AMARAL submitted and caused to be submitted an invoice from G & A Associates to ECESD for $57,500.

o.  On August 9, 2006, defendant MICHAEL P. KLENTSCHY signed an ECESD Confirming Purchase document approving the payment of $57,500 of CaMSP grant funds to G & A Associates.

p.  On or about August 17, 2006, defendant MICHAEL P. KLENTSCHY caused the mailing of a check from ECESD for $57,500 to G & A Associates.

q.  On September 10, 2006, after depositing the $57,500 check in the G & A Account on August 30, 2006, defendant OLGA AMARAL wrote checks to defendant MICHAEL P. KLENTSCHY for $15,000 and to defendant LESLIE GARRISON for $21,250.

All in violation of Title 18, United States Code, Section 371.

9

## Counts 2-13

## 18 U.S.C. § 1341

## Mail Fraud

19. Paragraphs 1 through 13 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

20. Beginning on a date unknown to the grand jury and continuing up to and including February 2008, within the Southern District of California, and elsewhere, defendants MICHAEL P. KLENTSCHY, OLGA AMARAL AND LESLIE GARRISON did knowingly devise and intend to devise a material scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and omissions of material fact.

21. Paragraphs 17 and 18 of Count 1 of this Indictment are incorporated by reference as more fully describing the scheme to defraud.

22. On or about the dates set forth below, within the Southern District of California, and elsewhere, defendant MICHAEL P. KLENTSCHY, OLGA AMARAL and LESLIE GARRISON, for the purpose of executing the above-described scheme, caused to be deposited matters and things to be sent and delivered by the United States Postal Service and private commercial interstate carriers, as set forth below:

| Count | Date | Item |
|---|---|---|
| 2 | 01/19/2006 | ECESD Superintendent of Schools, Imperial County, check no. 00178471 for $57,500 to G&A Associates |
| 3 | 08/17/2006 | ECESD Superintendent of Schools, Imperial County, check no. 00213237 for $57,500 to G&A Associates |

| | | | |
|---|---|---|---|
| 4 | 02/08/2007 | ECESD Superintendent of Schools, Imperial County, check no. 00241897 for $57,500 to G&A Associates |
| 5 | 07/26/2007 | ECESD Superintendent of Schools, Imperial County, check no. 00271045 for $50,000 to G&A Associates |
| 6 | 12/15/2005 | Invoice #67639 from SDSURF to ECESD for $50,036.98 for VIM expense reimbursement under direction of LESLIE GARRISON |
| 7 | 01/10/2006 | Invoice #67752 from SDSURF to ECESD for $26,941.21 for VIM expense reimbursement under direction of LESLIE GARRISON |
| 8 | 4/12/2006 | Invoice #68500 from SDSURF to ECESD for $53,122.07 for VIM expense reimbursement under direction of LESLIE GARRISON |
| 9 | 07/07/2006 | Invoice #69258 from SDSURF to ECESD for $35,905.96 for VIM expense reimbursement under direction of LESLIE GARRISON |
| 10 | 10/06/2006 | Invoice #69967 from SDSURF to ECESD for $19,684.28 for VIM expense reimbursement under direction of LESLIE GARRISON |
| 11 | 01/05/2007 | Invoice #70606 from SDSURF to ECESD for $46,224.53 for VIM expense reimbursement under direction of LESLIE GARRISON |
| 12 | 04/10/2007 | Invoice # 71369 from SDSURF to ECESD for $45,836.70 for VIM expense reimbursement under direction of LESLIE GARRISON |
| 13 | 07/30/2007 | Invoice #72372 from SDSURF to ECESD for $23,790.60 for VIM expense reimbursement under direction of LESLIE GARRISON |

All in violation of Title 18, United States Code, Section 1341.

//

//

//

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Counts 14-16

## 18 U.S.C. § 666(a)(1)(A)

## Theft from Program Receiving Federal Funds

23.  Paragraphs 1 through 13 of the Introductory Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

24.  During each of the one-year periods set forth below according to each count, within the Southern District of California and elsewhere, defendant MICHAEL P. KLENTSCHY, being an agent of the El Centro Elementary School District (ECESD), an organization, government and agency that received in a one-year period benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy and other forms of federal assistance, as aided and abetted by defendants OLGA AMARAL and LESLIE GARRISON, did embezzle, steal, obtain by fraud and otherwise without authority, knowingly convert to the use of a person other than the rightful owner and intentionally misapply, money and property valued at $5000 and more, which was owned by and under the care, custody, and control of ECESD:

| Count | Dates |
|-------|-------|
| 14 | July 1, 2005 - June 30, 2006 |
| 15 | July 1, 2006 - June 30, 2007 |
| 16 | July 1, 2007 - June 30, 2008 |

All in violation of Title 18, United States Code, Sections 666(a)(1)(A), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

25.  The allegations contained above are hereby realleged and incorporated by reference for the purpose of alleging forfeitures

1 | pursuant to Title 18, United States Code, Section 981(a)(1)(C) and
2 | Title 28, United States Code, Section 2461(c).

3 |     26.  Upon conviction of the offenses in violation of Title 18,
4 | United States Code, Sections 371, 1341, and 666, set forth in Counts 1
5 | through 16 of this Indictment, the defendants MICHAEL P. KLENTSCHY,
6 | OLGA AMARAL, and LESLIE GARRISON shall forfeit to the United States
7 | of America, pursuant to Title 18, United States Code,
8 | Section 981(a)(1)(C), any property, real or personal, which
9 | constitutes or is derived from, proceeds traceable to the offenses.

10 |     27.  If any of the property described above, as a result of any
11 | act or omission of the defendants:

12 |     a.  cannot be located upon the exercise of due diligence;

13 |     b.  has been transferred or sold to, or deposited with, a
14 | third party;

15 |     c.  has been placed beyond the jurisdiction of the court;

16 |     d.  has been substantially diminished in value; or

17 |     e.  has been commingled with other property which cannot
18 | be divided without difficulty,

19 | the United States of America shall be entitled to forfeiture of
20 | substitute property pursuant to Title 21, United States Code,
21 | Section 853(p), as incorporated by Title 18, United States Code,
22 | Section 982(b)(1), and Title 28, United States Code, Section 2461(c).
23 | //
24 | //
25 | //
26 | //
27 | //
28 | //

1     All    pursuant    to    Title    18,    United    States    Code,

2   Section   981(a)(1)(C)   and   Title   28,   United   States   Code,

3   Section 2461(c).

4       Dated: November 19, 2010.

5                                        A TRUE BILL:

6

7                                        Foreperson

8

9   LAURA E. DUFFY
    United States Attorney
10

11  By:

12      LAWRENCE A. CASPER
        Assistant U.S. Attorney
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28